UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lloyd Wright, # 209826, ) | **C/A No. 6:09-0169-GRA-WMC** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Al Cannon, Sheriff; ) | |
| Mitch P. Lucas, Jail Admin.; ) | |
| FNU Garland, Medical Staff-Nurse, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## *Background of this Case*

The plaintiff is a detainee at the Charleston County Detention Center. He has brought suit, pursuant to 42 U.S.C. § 1983, against the Sheriff of Charleston County, the Jail Administrator, and a Nurse. The plaintiff answers on page 2 indicate that the above-captioned case is a civil action for medical malpractice. This civil action arises out of the apparent administration of the wrong medication to the plaintiff on December 14, 2008. After the plaintiff took the medication, the plaintiff went to sleep. An hour and a half later, the plaintiff had an increased heart rate and uncontrollable sweating. The plaintiff's cell-mate notified "C. O." Rhoiden, who escorted the plaintiff to "medical," where the plaintiff was given an EKG and a pill under his tongue. The nurse concluded that the plaintiff was about to have a heart attack. EMS was called and the plaintiff was taken to the Medical University of South Carolina (MUSC). The plaintiff states that he later discovered that the pill given to him was "Norvane[.]" In his prayer for relief, the plaintiff seeks compensatory damages of one million dollars and punitive damages of five million dollars.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329-30 & n. 2 (S.D. Ga. 1994) (collecting cases).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), which was a *Bivens* action, does not require that process be issued in the above-captioned case because the allegations in the complaint concern negligence or medical malpractice. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983 or the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48

3

(1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also Brooks v. Celeste*, 39 F.3d 125 (6th Cir., 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F. 1100, 1003, (7th Cir. 1994) ("If act *A* committed by the *X* prison shows negligence but not deliberate indifference, and *B* the same, and likewise *C*, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-109 (3rd Cir. 1990); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976)(affirming summary dismissal); *Dalton v. City of Wilmington*, 2008 U.S. Dist. LEXIS 83812, 2008 WL 4642935 (D. Del., Oct. 20, 2008) ("The negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).");[3] and *Robbins v. Sweeney*, 1994 U.S.Dist. LEXIS 15874, *11, 1994 WL18488, *2 (E.D. Pa., Nov. 2, 1994) ("Mere allegations of negligent medical malpractice do not present a constitutional violation."). The one-time administration of the wrong medication to the plaintiff is, at best negligence or medical malpractice.

---

[3]There is a discrepancy between the LEXIS and WESTLAW services as to the date of the decision in *Dalton v. City of Wilmington*. The WESTLAW services lists the date as October 20, 2008, while the LEXIS service indicates that the date is October 18, 2008. This discrepancy results from the fact that the WESTLAW service uses the "ENTERED" date and the LEXIS service uses the "FILED" date.

Moreover, the plaintiff's allegations show no deliberate indifference. Upon being notified by the plaintiff's cell-mate that the plaintiff was suffering heart symptoms, "C.O." Rhoiden took the plaintiff to the "medical" section of the Charleston County Detention Center, which administered an EKG (electrocardiogram) and gave the plaintiff a pill under his tongue.[4] When the nurse concluded that the plaintiff was about to have a heart attack, detention center staff called EMS (emergency medical services), who took the plaintiff to the Medical University of South Carolina. The plaintiff's own allegations show remarkably prompt medical care and no deliberate indifference. *Cf. Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

January 30, 2009  
Greenville, South Carolina

WILLIAM M. CATOE  
UNITED STATES MAGISTRATE JUDGE

---

[4] This pill may have been a nitroglycerin pill, which is often given to patients experiencing chest pains.

5

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).